**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PARIS BAGUETTE FAMILY, INC.,

Plaintiff,

-against-

Case No. _____

JACKY DASWANI, AMRITA DASWANI, and
PARAMOUNT BAKERS, LLC,

**COMPLAINT**

Defendants.

Plaintiff, Paris Baguette Family, Inc. ("Plaintiff" or "Paris Baguette"), by and through its attorneys, and for its Complaint against Jacky Daswani, Amrita Daswani, and Paramount Bakers, LLC (collectively, "Defendants"), alleges as follows:

**NATURE OF CASE**

1. Paris Baguette commences this litigation arising out of Defendants' breaches of a franchise agreement pursuant to which Plaintiff granted Defendants the right to operate a Paris Baguette franchise in exchange for, among other things, Defendants' payment of franchise fees and royalties and compliance with the franchise agreement's operational, brand, and reporting requirements.

2. Defendants failed to perform their contractual obligations, including by failing to develop and open the Franchised Location within the required time frame and otherwise failing to comply with material requirements of the franchise agreement, causing Plaintiff to incur damages and other harm.

3. Plaintiff further alleges that Defendants breached the franchise agreement by violating its non-compete provision, including by owning, operating, and/or assisting a competing



business in contravention of the post-termination and/or ongoing restrictive covenants set forth in the franchise agreement.

4. By way of this Complaint, Plaintiff seeks declaratory and equitable relief, monetary damages for amounts due and other losses caused by Defendants' breaches, and recovery of attorney's fees, costs, and expenses as permitted by the franchise agreement and applicable law, in an amount exceeding $75,000.00.

## PARTIES

5. Plaintiff Paris Baguette Family, Inc. is a Delaware corporation with its principal place of business at 137 West Commercial Avenue, Moonachie, New Jersey 07074.

6. Defendant Jacky Daswani is an individual residing in California.

7. Jacky Daswani is the managing member of Paramount Bakers, LLC and the principal signatory to the Franchise Agreement.

8. Defendant Amrita Daswani is an individual residing in California. Amrita Daswani was required to sign the Franchise Agreement as a guarantor.

9. Defendant Paramount Bakers, LLC is a California limited liability company, with Jacky and Amrita Daswani as its sole members.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Plaintiff, Paris Baguette, is a Delaware corporation with its principal place of business in New Jersey.



4915-3898-4362, v. 2

12.     Defendants Jacky Daswani and Amrita Daswani are citizens and domiciliaries of California.

13.     Paramount Bakers, LLC is a California limited liability company whose sole members are both California citizens. Complete diversity exists.

14.     This Court has personal jurisdiction over Defendants because the franchise agreement referenced below contains a mandatory forum-selection clause through which the parties irrevocably submitted to the jurisdiction of the courts located in New York, New York.

15.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the parties contractually agreed to litigate disputes in courts located in New York, New York.

16.     The franchise agreement provides that it shall be governed by and interpreted under Delaware law.

## MATERIAL FACTS

17.     Paris Baguette offers and sells bakery-café franchises throughout the United States, with over 4,000 units operating worldwide. The vast majority of Paris Baguette's locations are franchised.

18.     On or about April 8, 2022, Jack and Amrita Daswani signed the Franchise Agreement (the "Franchise Agreement") through Paramount Bakers, LLC. A true and correct copy of the Franchise Agreement is attached as Exhibit "1."

### A.     Store Location and Store Opening Requirements

19.     Attachment C of the Franchise Agreement provided that "The Store shall be located at the following address: Walnut Creek, CA (Site TBD)." Attachment C also provided that: "The Opening Date of the Store is 270 days from the execution date of this Franchise Agreement."



3

20.    Attachment C also stated: "The Protected Area shall be: N/A." Accordingly, the Daswani's received no "protected area" due to their not yet having obtained a suitable store location.

21.    Section 17(C)(2) provides for immediate termination with no opportunity to cure "If Franchisee fails to obtain Franchisor's approval of a proposed site or fails to acquire a location for the store within the time and manner specified in the . . . Site Addendum."

22.    Likewise, Section 17(C)(4) provides for immediate termination: "If Franchisee fails to open the store for business within the time period specified in Section 2(D)."

23.    Attachment F to the Franchise Agreement, entitled Site Selection and Acquisition Addendum, further provided that "Franchisee assumes all cost, liability, expense and responsibility for locating, obtaining and developing a site for the Store within the geographic area described below ("Designated Area"). Franchisee acknowledges and agrees that it acquires no rights in and to the Designated Area, other than the right to select a site for the Store from within its boundaries."

24.    Attachment F further provides that no site may be used for a store unless first accepted in writing by Paris Baguette, and Paris Baguette is entitled to thirty days to determine, in its reasonable discretion, the suitability of the proposed site.

25.    Attachment F also provides: "If Franchisee fails to obtain Franchisor's acceptance of a proposed site within the timeframe set forth below, Franchisor shall have the right to terminate the Franchise Agreement pursuant to Section 17(c)(2) thereof."

26.    Accordingly, the Daswanis had 270 days from the effective date of the Franchise Agreement (April 11, 2022) to obtain Paris Baguette's acceptance of their proposed site and to open the Paris Baguette location.



4

### B.    Non-Compete Provisions

27.    Section 10(c) sets forth the non-competition covenants governing the Franchise Agreement.

28.    10(c)(1)(b) provides that Franchisee will not own, maintain, operate, engage in, be employed by, or have any financial interest in a Competing Business.

29.    "Competing Business" specifically encompasses Tous Le Jour franchise locations.

30.    Section 17(D) sets forth a basis for termination following an opportunity to cure "If Franchisee . . . fails to comply with the restrictions against competition set forth in Section 10(c) of this Agreement and fails to cure such default within ten days following notice."

### C.    Liquidated Damages Provision

31.    Section 18(D) provides for liquidated damages in the event of termination due to default by the Franchisee.

32.    The damages are to be calculated as follows: "equal to the average monthly Royalty Fee, and Marketing Fund contribution Franchisee owed during the twelve  (12) months of operation preceding the effective date of termination or abandonment multiplied by the lesser of (a) twenty- four (24) (being the number of months in two (2) full years), or (b) the number of months remaining in the Agreement had it not been terminated, whichever is lower."

### D.    The Failed Relocations

33.    The Daswanis were unable to find a suitable store site in Walnut Creek, California. Approximately one month after executing the Franchise Agreement, the Daswanis requested permission to relocate to San Ramon, California.

34.    Paris Baguette agreed and a First Amendment to the Franchise Agreement allowing for relocation on September 13, 2022 was entered into between the parties.



5

35.     For over a year, the Daswanis could not find a site that met Paris Baguette's site requirements, yet Paris Baguette continued to work with them on finding a suitable site and did not exercise its right to terminate the Franchise Agreement.

36.     In October 2023, Paris Baguette informed Defendants that another franchisee had purchased rights in the adjacent town of Danville, CA, which thereby eliminated the Defendants' most recent proposed site.

37.     As noted above, the Defendants had no "Protected Area" of their own due to their failure to find a suitable site before signing the Franchise Agreement.

38.     On November 3, 2023, Paris Baguette continued to offer Defendants an opportunity in good faith and signed a Second Amendment relocating the franchise to Metairie, Louisiana upon Defendants' request. A true and correct copy of the Second Amendment is attached as Exhibit "2."

39.     Paris Baguette was then forced to reject another proposed site in Metairie due to visibility and tenancy concerns.

40.     On November 18, 2024, Paris Baguette agreed yet again to allow the Defendants to attempt to find a suitable site, and signed a Third Amendment allowing relocation to 6200 Highway 6, Missouri City, Texas. A true and correct copy of the Third Amendment is attached as Exhibit "3."

41.     On July 8, 2025, Paris Baguette allowed Defendants, yet again, to relocate, this time signing a Fourth Amendment for a store location at 6266 Highway 6, Missouri City, Texas. A true and correct copy of the Fourth Amendment is attached as Exhibit "4."

42.     At that point, Paris Baguette had allowed Defendants more than two years to attempt to find a suitable location, long past the contractually obligated period of 270 days.



4915-3898-4362, v. 2

43.    During the course of that extended nonperformance, Plaintiff learned that, instead of focusing on opening a Paris Baguette location and fulfilling their obligations under the Franchise Agreement, Defendants expressly breached the Franchise Agreement by entering into a franchise agreement with a competing bakery franchise, Tous Le Jour.

44.    Finally, more than three years after Defendants signed the Franchise Agreement, Paris Baguette chose to exercise its right to terminate and sent a notice of termination on September 5, 2025.

45.    In the Notice, Plaintiff stated that the termination was based on (1) failure to open within 270 days and (2) breach of the covenant not to compete.

## COUNT ONE
### (Declaratory Relief)

46.    Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

47.    Plaintiff and Defendants entered into a valid and enforceable Franchise Agreement.

48.    Defendants defaulted under the Franchise Agreement, including by failing to satisfy the agreement's site-selection and store-opening requirements.

49.    Defendants defaulted under the Franchise Agreement, including by failing to comply with the non-compete covenant.

50.    Plaintiff validly terminated the Franchise Agreement based on Defendants' defaults.

**WHEREFORE**, Plaintiff, Paris Baguette Family, Inc. requests that the Court enter judgment in its favor and against Defendants, Jacky Daswani, Amrita Daswani, and Paramount Bakers, LLC, as follows: (i) declaring that Plaintiff properly terminated the Franchise Agreement based on Defendants' defaults, including (a) failure to obtain an approved site and/or open a store



7

location within the required time and (b) breach of the covenant not to compete; (ii) declaring that Defendants are in default under the Franchise Agreement and that Plaintiff is entitled to all remedies available under the Franchise Agreement and applicable law; and (iii) granting such other and further relief as the Court deems necessary, appropriate, and just.

## COUNT TWO
### (Breach of Contract)

51.    Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

52.    The Franchise Agreement constitutes a valid and enforceable contract between Plaintiff and Paramount Bakers, LLC, and Jacky Daswani and Amrita Daswani.

53.    Defendants materially breached the Franchise Agreement, including but not limited to:

(a)    failing to obtain Franchisor's approval/acceptance of a proposed site and/or failing to acquire a location for the Store within the time and manner required by the Agreement and Attachment F (including the requirement that the Store open within 270 days of execution/effective date); and

(b)    violating the covenant not to compete by owning, maintaining, operating, engaging in, being employed by, and/or having a financial interest in a "Competing Business," including a Tous Le Jour franchise location, during the term of the Franchise Agreement.

54.    As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages.

55.    In addition, pursuant to the Franchise Agreement's liquidated damages provision applicable upon termination due to Defendants' default, Plaintiff is entitled to liquidated damages in an amount to be determined pursuant to the formula set forth in the Franchise Agreement.



8

4915-3898-4362, v. 2

**WHEREFORE,** Plaintiff, Paris Baguette Family, Inc., hereby demands judgment against Defendants Jacky Daswani, Amrita Daswani, and Paramount Bakers, LLC, awarding Plaintiff compensatory, incidental, consequential, and punitive damages, together with reasonable attorneys' fees, litigation costs, investigation costs, costs of suit, interest, and such additional relief as this Court may deem necessary, appropriate, and just.

Dated: May 11, 2026
      Hamilton, New Jersey

Respectfully submitted,
**STARK & STARK, P.C.**

By:   */s/ Ryan J. Wintermute*
     Ryan J. Wintermute, Esq.
     100 American Metro Blvd.
     Hamilton, NJ 08619
     Tel:   609-895-7395
     Fax:   609-895-7395
     Email: rwintermute@stark-stark.com



4915-3898-4362, v. 2